Putnam J.
delivered the opinion of the Court. There is no evidence to support the first count for use and occupation The relation of landlord and tenant did not exist.
But there is a count for money had and received, and if the plaintiff has overpaid the debt secured by the mortgage, he is, in virtue of the St. 1818, c. 98, § 3, entitled to recover such excess in this form of action.[1]
It appears that the thirty vats were included in the mortgage, and that the defendant occupied twenty-two of them from October 1 Oth, 1825, until after the tender and payment of the debt secured by the mortgage. And it also appears that the defendant has not alloyved any thing for the use of those vats on account of the mortgage. The plaintiff, being the assignee of the mortgager, will be entitled to such allowance, unless the defendant bad a legal right to appropriate the rents and profits to some other account.
After the mortgage was made, an agreement was entered into between the mortgager and mortgagee, for carrying on the *178 business of tanning leather, and the mortgager was to provide the vats. That contract was violated on his part. He absconded, and the defendant was left to finish that concern, by proceeding to tan the leather which was in the vats in the process of tanning under the contract, and he occupied the vats until the leather was tanned. He contends that he had a right under that contract to occupy the vats, and is not therefore accountable as mortgagee for such occupation.
So long as those vats were appropriated according to the agreement of Frye (the mortgager), he is to be considered as in possession. It would be analogous to a demise of the mortgagee, which in law is “an agreement that the mortgager should retain the possession and receive the profits to his own use.” Newhall v. Wright, 3 Mass. R. 152.
The mortgager could not, under such circumstances, oblige the mortgagee to apply the rents and profits of those vats towards the mortgage ; and his assignee could not be in a better condition in that respect. So long therefore as the defendant occupied under the contract relating to the tanning, he had a right to apply the rents and profits to that account, viz. from October 10th, 1825, to March 9th, 1827. But the taking of possession on the day last mentioned, in virtue of the hab. facias, which issued upon the judgment obtained by the mortgagee, was ah alteration of the relations which before existed. It was, at the least, a declaration of his consent to hold from thenceforward as mortgagee, in the absence of any agreement to the contrary with the mortgager or his assignee. And the legal consequence resulting therefrom, is the defendant’s liability to account for the rents and profits thenceforward as a mortgagee taking possession for condition broken. The time of foreclosure then commenced. The possession before is to be considered as the possession of the mortgager remaining after the execution of the mortgage.
There was no agreement after the defendant took the .possession under the hab. facias, that he should be placed in any respect upon any other ground than as mortgagee in possession lor condition broken, to account accordingly.
The judgment is to be for the plaintiff, at the rate of one dollar and fifty cents a year per vat, to he calculated upon *179 iwenty-two vats, from the 9th of March, 1827, to the 11th of September, 1827, when the settlement was made of the mortgage, and the defendant released the same : with interest up to the last day of this term, upon the ground that the defendant should have allowed such sum in the settlement of the mortgage. And costs are to be taxed as in personal actions.

 See Revised Stat. c. 107, § 25, 26, 27